ALSMEYER, Respondent, v. NORDEN, Appellant.*

*October 2—October 31, 1961.*

* Motion for rehearing denied, without costs. on December 29. 1961.

452

For the appellant the cause was submitted on the briefs of *Edna Taylor Giles Norden* of Madison, *in pro. per.,* and for the respondent on the brief of *Noreen G. Bengston* of Madison.

DIETERICH, J. Sec. 270.53 (2), Stats., provides that, "Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

This appeal must be dismissed because the "order" referred to in the notice of appeal was not made or entered in writing.

Even if an order had been made or entered in writing denying appellant's motion to strike the action from the calendar, it would not have been appealable and the appeal would have had to be dismissed.

454

Except where special statutes apply, the only orders which are appealable are listed in sec. 274.33, Stats. It is clear that an order denying a motion to strike a case from the calendar does not qualify under any of the types listed. Long ago it was held that a motion to strike a case from the calendar was deemed to be equivalent to a motion for continuance and orders refusing a continuance are not appealable. They are mere matters of practice and not affecting the merits.[1]

Appellant claims that Judge BARDWELL had no jurisdiction to decide her motion to strike from the calendar because that motion had not been pending when she moved for a change of venue on account of prejudice. It is clear from the transcript that Judge BARDWELL considered that it had been pending and therefore he could properly decide it.

Sec. 261.08 (3), Stats., provides in part that, "The filing of such affidavit shall not deprive the presiding judge of the circuit, or of the branch of a circuit court in which the case is pending, of jurisdiction to determine pending motions made by the party filing such affidavit."

Sec. 274.33 (3), Stats., includes in the list of appealable orders an order which "decides a question of jurisdiction." The context of the order of this court which added this type of order to the list of appealable orders suggests that the court was mainly concerned with orders deciding a question of the court's jurisdiction over the person of a defendant.[2] Whatever further scope was intended in referring to an order which "decides a question of jurisdiction," it did not extend to an order, otherwise not appealable, entered by a particular judge after he had been named in an affidavit of prejudice.

[1] *Whitefoot v. Leffingwell* (1895), 90 Wis. 182, 185, 63 N. W. 82.
[2] See secs. 262.17 and 274.33 (3), Stats., as amended September 1, 1956, 271 Wis. pp. vii and x.

Appellant failed to supply a printed appendix as required by Supreme Court Rule 6 (5), sec. 251.26, Stats. The attempted appeal appears dilatory. For these reasons double costs will be allowed.

*By the Court.*—Appeal dismissed; respondent to have double costs.