STATE EX REL. HILDEBRAND, Appellant, V. KEGU,
Respondent.

*No. 70. Submitted under sec. (Rule) 251.54 May 3, 1973.—*
*Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 658.)

For the appellant the cause was submitted on the
brief of *Robert W. Warren,* attorney general, *Robert
P. Russell,* Milwaukee county corporation counsel, and
*James W. Conway,* assistant corporation counsel.

For the respondent the cause was submitted on the
brief of *Thomas R. Cannon, Morton M. Grodsky, Nancy
A. Phelps* and *Jordan B. Reich,* and *Legal Aid Society of
Milwaukee,* all of Milwaukee.

PER CURIAM. The notice of appeal states that appeal
is being taken from a "judgment" entered on February
18, 1972. There is no judgment in the record, only a
transcript indicating that on February 18, 1972, the court
orally granted the defendant's motion to dismiss the com-
plaint in this paternity case.

The first question is whether the pronouncement from
the bench was an order or a judgment. The appellant

calls it a judgment, and it is true, if the defendant is found to be the father of the child, the determination of the court is referred to in sec. 52.37, Stats., as a judgment. However, a paternity case is a special proceeding. Sec. 52.45. It has been held that a special proceeding is terminated by an order, and not a judgment, even though the statutes governing the special proceeding refer to the termination as a judgment. *In re Henry S. Cooper, Inc.* (1942), 240 Wis. 377, 2 N. W. 2d 866. We do not decide whether, if a defendant in a paternity case is found to be the father of the child, the proceedings are terminated by a judgment or order. Sec. 52.37 is not applicable to this case because the decision was in favor of the defendant. The determination of the trial court was an order.

The second question is whether the order was made or entered in writing as required under sec. 270.53 (2), Stats. If it was not, the appeal must be dismissed. *Alsmeyer v. Norden* (1961), 14 Wis. 2d 451, 111 N. W. 2d 507.

An order may be effective, even though it has not been reduced to writing. *Baker v. Baker* (1881), 51 Wis. 538, 8 N. W. 289. The judicial act is complete when the order is announced from the bench. Reducing it to writing is only a ministerial act to preserve the evidence of the order. *German American Bank v. Powell* (1904), 121 Wis. 575, 99 N. W. 222. However, that evidence is necessary to confer appellate jurisdiction. The lack of writing does not mean that there is no order. It simply means that we have no jurisdiction to review the order, because the right of appeal exists only from the time of entry of the order. Sec. 274.11 (4), Stats. Entry is defined in sec. 270.70 as the filing of the order in the office of the clerk. Although the transcript which contains the court's pronouncement from the bench bears

the file stamp of the Clerk of Courts for Milwaukee county, it was not entered in writing within the meaning of sec. 270.53 (2). *Alsmeyer v. Norden, supra.*

The appeal is dismissed.