IN RE REFUSAL TO SUBMIT TO CHEMICAL TEST: STATE, Respondent, v. POWELL, Appellant.

*No. 54 (1974). Argued September 9, 1975.—Decided October 28, 1975.*

(Also reported in 234 N. W. 2d 345.)

For the appellant there was a brief by *Thomas W. St. John* and *Robert H. Friebert,* attorneys, and *Samson,*

*Friebert, Sutton, Finerty & Burns* of counsel, all of Milwaukee, and oral argument by *Mr. St. John.*

For the respondent the cause was argued by *Albert Harriman,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. On this appeal, Powell presents several issues which go to the merits of the trial court's finding that Powell's refusal to submit to the chemical test was unreasonable and to the order suspending the operating privileges for sixty days.

However, before this court can consider the merits of a controversy, it must first be established that we have appellate court jurisdiction.

Neither party raised the issue of appealability in their briefs; nevertheless, it was raised at oral argument and the defendant subsequently responded in writing. Furthermore, parties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable. *Mitler v. Associated Contractors* (1958), 3 Wis. 2d 331, 333, 88 N. W. 2d 672; *In re Interest of F. R. W. (a minor)* (1973), 61 Wis. 2d 193, 212 N. W. 2d 130, certiorari denied, 416 U. S. 974, 94 Sup. Ct. 2000, 40 L. Ed. 2d 563. In *Mitler, supra,* this court quoted from *Jaster v. Miller* (1955), 269 Wis. 223, 234, 69 N. W. 2d 265, as follows:

"Neither the waiver or consent of a respondent, nor the willingness of this court to consider a matter in the interests of justice, gives us authority to take jurisdiction where none is conferred by law."

In the instant case the purported order which is the basis of this appeal was pronounced by the trial court from the bench. It, of course, appears in the transcript of the proceedings in court. The record also contains a one page printed form, denominated "Minutes," and

captioned "Hearing on Refusal." Some of the blank spaces on the form, including those provided for the name of the judge and reporter and deputy clerk have been completed with a typewriter. Other blank spaces have been completed in longhand and one such notation states, "Motions denied, to be appealed." The minutes are unsigned. The record contains no written order, signed or unsigned, from the trial judge or from anyone else.

In our opinion this court does not have appellate court jurisdiction and, therefore, the merits of this appeal cannot be considered. There is no written order comporting with the well-established rules of law, which would give this court jurisdiction to hear this appeal.

Sec. 270.53, Stats., defines an order as follows:

"(2) Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

The appellate court is without jurisdiction until an order is entered in writing, *State ex rel. Hildebrand v. Kegu* (1973), 59 Wis. 2d 215, 216, 207 N. W. 2d 658. Oral orders are not appealable until reduced to writing. *Dumer v. State* (1974), 64 Wis. 2d 590, 610, 611, 219 N. W. 2d 592.

The oral pronouncement of the trial court's determination is not an order in writing. The fact that the reporter properly included the pronouncement in the transcript of the trial court proceeding does not elevate the oral pronouncement of the trial court to the status of a written order. Likewise, the longhand motion, "Motions denied" in the unsigned minutes of the proceedings cannot be construed as an order of the court in writing.

This does not mean that the oral pronouncement of an order may not be effective insofar as it concerns the parties and the trial court. However, if a party seeks to invoke the jurisdiction of the appellate court, the order must be in writing. This is necessary to preserve the

evidence of the order and confer appellate jurisdiction and to comply with the entry requirements of sec. 274.11 (4), Stats., which provides in pertinent part:

"274.11 **Appeal, how taken and perfected; notice; costs.**
" . . .
"(4) The right of appeal shall exist from the time of the entry of the appealable order . . . ."

Although the order may appear in the transcript and be referred to in the unsigned minutes, such is not an entry of the order in writing within the meaning of sec. 270.53 (2), Stats. *Dumer v. State, supra; State ex rel. Hildebrand v. Kegu, supra.*

In *Sprangers v. Philippi* (1971), 52 Wis. 2d 403, 405, 190 N. W. 2d 136, this court said:

"In *State ex rel. Hernandez v. McConahey* (1969), 42 Wis. 2d 468, 471, 167 N. W. 2d 412, this court stated:
" ' . . . The duty rests upon counsel to obtain a sufficient order or judgment upon which to predicate an appeal. . . .'
"We again urge appellants' counsel to give more attention to the appealability issue on all appeals to this court."

We should also observe that in two recent cases raising issues relating to sec. 343.305, Stats., an appealable order was entered:

" . . . [T]he county court entered an order suspending the defendant's driving privileges for a period of sixty days. . . Said order was stayed pending appeal." *State v. Jakubowski* (1973), 61 Wis. 2d 220, 222, 212 N. W. 2d 155.

"The order appealed from directed the administrator of the Division of Motor Vehicles to suspend the driver's operating privileges . . . ." *State v. Bunders* (1975), 68 Wis. 2d 129, 130, 227 N. W. 2d 727.

This appeal is dismissed.
*By the Court.*—Appeal dismissed.