TADYSAK, Plaintiff-Appellant, v. FOHT, and others, Defendants-Respondents.

*No. 75–340. Argued February 1, 1977.—Decided June 14, 1977.*
(Also reported in 255 N.W.2d 87.)

For the appellant there was a brief by *James B. Halferty* of Lancaster.

For the respondents there was a brief by *Kramer, Nelson, Azim and Kussmaul,* and oral argument by *John N. Kramer,* all of Fennimore.

ABRAHAMSON, J.   The notice of appeal states that the appeal is being taken "from the order sustaining defendants' demurrer entered on the thirteenth day of March, 1975 and the judgment entered pursuant to such order on the thirteenth day of March, 1975, and from the whole of each thereof, which said orders have been entered in the Clerk's minutes but have not been reduced to writing or served on the plaintiff."

This case is not like *Naus v. Jt. School Dist. No. 1 of City of Sheboygan Falls*, 76 Wis.2d 104, 250 N.W.2d 725 (1977), and cases cited in footnote 1 of *Naus*, where a written memorandum decision of law—which was issued by the trial court and intended by the trial court to be final—is treated as an appealable order by this court.

This case presents the same situation as presented in *State v. Powell*, 70 Wis.2d 220, 234 N.W.2d 345 (1975). In the case at bar, as in *Powell*, there is no written decision, no written order and no written judgment.

The record merely contains: (1) a transcript of a hearing on March 13, 1975 during which the court orally sustained the defendant's demurrer and allowed the plaintiff to replead within twenty days from the date of the hearing; and (2) a one-page printed form denominated "Clerk's Minutes," which form contains an unsigned, handwritten summary of the March 13, 1975 hearing and a stamp indicating the form was filed in the Clerk's office on March 13, 1975. There was no judgment as defined in sec. 270.53(1), Stats. 1973, because the circuit court made no final determination of the rights of the parties, but instead merely sustained the defendant's demurrer and allowed the plaintiff twenty days to replead. Similarly there was no order made or entered in writing as defined in sec. 270.53(2), Stats. 1973. As the *Powell Case* indicates the inclusion in the

transcript of an oral pronouncement of the court does not elevate the pronouncement to the status of a written order. 70 Wis.2d at 222. The form denominated "Clerk's Minutes" was filed in the office of the Clerk, but no order or judgment was so filed; the filing of the Clerk's Minutes does not constitute entry of a judgment or order. Sec. 270.70, Stats. 1973. "The right of appeal shall exist from the time of the entry of the appealable order or judgment and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time." Sec. 274.11(4), Stats. 1973. *See* secs. 806.01, 806.06, 807.11, 817.11(4), Stats. 1975, effective January 1, 1976.

This court held in *Powell* and in numerous other cases that if there is no written decision, no written order, and no order or judgment entered as required by the statutes cited above, this court does not have appellate court jurisdiction and the appeal must be dismissed.

"[P]arties cannot, either by failure to raise the question or by consent, confer jurisdiction upon an appellate court to review an order which is not appealable.

". . .

"This does not mean that the oral pronouncement of an order may not be effective insofar as it concerns the parties and the trial court. However, if a party seeks to invoke the jurisdiction of the appellate court, the order must be in writing. This is necessary to preserve the evidence of the order and confer appellate jurisdiction and to comply with the entry requirements of sec. 274.11 (4), Stats. [quoted above] . . . ." *State v. Powell,* 70 Wis.2d 220, 221–223, 234 N.W.2d 345 (1975).

*See also State ex rel. Hildebrand v. Kegu,* 59 Wis.2d 215, 216, 207 N.W.2d 658 (1973) ; *Dumer v. State,* 64 Wis.2d 590, 610, 611, 219 N.W.2d 592 (1974) ; *Alsmeyer v. Norden,* 14 Wis.2d 451, 453, 111 N.W.2d 507 (1961).

*By the Court.*—This appeal is dismissed.