**Brent F. HEIDEL, an Individual, Plaintiff,**

**v.**

**Floyd J. VOIGHT, an Individual, and Heidel House Enterprises, Inc., a Wisconsin Corporation, Defendants.**

**No. 78–C–485.**

United States District Court, E. D. Wisconsin.

Sept. 5, 1978.

Godfrey & Kahn by Gerald J. Kahn, William H. Alverson, Michael Ash, Robert J. Bauman, Milwaukee, Wis., for plaintiff.

Isaksen, Lathrop, Esch, Hart & Clark by Trayton L. Lathrop, Madison, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This case is before me on the plaintiff's motion for a temporary restraining order. The case itself is assigned to Chief Judge Reynolds, but the instant motion was submitted to me in Judge Reynolds' temporary absence.

The complaint in this action was originally filed in the circuit court for Green Lake County, Wisconsin, on July 7, 1978. On July 26, 1978, following a hearing in that court, Judge Jerold E. Murphy ordered that a temporary injunction be issued against the defendants and that counsel for the plaintiff draft an order to that effect for the judge's signature. On August 2, 1978, the defendant, Floyd J. Voight, filed a petition for removal of this case to the United States district court for the eastern district of Wisconsin. On August 8, 1978, the plaintiff filed a motion to remand this case to the circuit court of Green Lake County. On August 9, 1978, Judge Murphy signed a temporary injunction, incorporating the terms of his oral order of July 26.

The plaintiff, in his motion for a temporary restraining order, requests that this court either declare the previous state court

order to be in effect or grant its own order to the same effect. The defendants oppose the motion, contending both that no state injunction is presently in effect and that no temporary restraining order or preliminary injunction should be issued by this court.

The defendant relies on two statutes in support of its contention that no state order is presently in effect. First, he relies on § 807.11, Wis.Stats., which provides that "[a]n order is rendered when it is signed by the judge." Thus, the defendant argues that the state temporary injunction would only have been effective at the point at which the state judge signed the order, August 9, 1978. The defendant further contends that since the judge did not sign the order until after the defendant's removal petition was filed on August 2, 1978, that the state temporary injunction was never in effect. For this point, the defendant relies on 28 U.S.C. § 1446(e) which provides that after a removal petition has been filed "the State court shall proceed no further unless and until the case is remanded."

■ I believe, however, that an effective state temporary injunction was in effect at the time of the removal of this case. Wisconsin case law construing § 807.11 clearly states that the statute, while requiring that an order be written for the purpose of state appellate review, does not render an oral order ineffective:

> "This does not mean that the oral pronouncement of an order may not be effective insofar as it concerns the parties and the trial court." *Tadyshak v. Foht,* 78 Wis.2d 582, 585, 255 N.W.2d 87, 88 (1977); quoting *State v. Powell,* 70 Wis.2d 220, 222, 234 N.W.2d 345 (1975).

The conclusion that an oral order of a state court is effective is supported not only by case law but by equitable concerns as well. If such were not the case, litigants could render any state temporary injunction nugatory by arming themselves with a removal petition which would be served and filed the moment the judge entered an oral order against their interest. While litigants often can get a second hearing in a removal case as to a temporary restraining order or a preliminary injunction issued by a state court, they must bear the burden of complying with the state court injunction until a federal court dissolves or otherwise modifies it. The interpretation proposed by the defendant would allow litigants to oppose the issuance of such injunction in state court without bearing any risk that an adverse order would ever be effective. Such a procedure would be both inequitable and would result in a needless waste of state judicial time.

Since I find that an effective state injunction was in force at the time of the removal of this case, it follows that the state injunction is still in effect. 28 U.S.C. § 1450 provides that "[a]ll injunctions, orders, and other proceedings had in [the state] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

■ Given the language of § 1450, I believe it is unnecessary for this court to issue the relief requested, since essentially similar relief is already in effect under the previous state court injunction. Moreover, I do not believe that the state injunction should be dissolved or modified until the plaintiff's motion to remand this case to the state court has been resolved.

Therefore, IT IS ORDERED that the plaintiff's motion for a temporary restraining order be and hereby is dismissed.