IN the INTEREST OF M.T. and M.T.:
T.T., Appellant-Petitioner,

v.

M.T. and M.T. by their guardian ad litem, Michael J.
Byron; and Rock County Social Services Department,
Respondents.

Supreme Court

*No. 81–291. Argued June 4, 1982.—Decided July 2, 1982.*

(Also reported in 321 N.W.2d 289.)

For the appellant-petitioner there were briefs and oral argument by *Jack E. Schairer,* senior assistant state public defender.

For the respondents there was a brief by *David Heitzman,* assistant corporation counsel for Rock county, and *Michael J. Byron,* of Beloit, and oral argument by *David Heitzman* and *Michael J. Byron.*

LOUIS J. CECI, J.   This is a review of an order of the court of appeals dismissing petitioner's appeal from an order of the circuit court for Rock county on the grounds that the notice of appeal was not timely filed.

The record reveals the following procedural facts. On November 11, 1980, the Hon. EDWIN C. DAHLBERG, Circuit Judge, orally terminated the petitioner's parental rights to her children. Proposed findings of fact, conclusions of law and order terminating the parental rights of petitioner[1] were submitted to the trial court by the assistant corporation counsel for Rock county (respondent). The findings of fact, conclusions of law and order were subject to approval for form by both counsel prior to entry. In a letter dated November 21, 1980, to Judge Dahlberg, trial counsel objected to the findings of fact and conclusions of law.

By letter dated January 14, 1981,[2] Judge Dahlberg informed trial counsel that he was signing the proposed findings of fact, conclusions of law and order terminating

---

[1] Sec. 48.43, Stats. 1979–80, requires the court to make findings of fact along with its order.

[2] "January 14, 1981

Mr. Thomas Levi
Attorney at Law
117 North Second St.
Watertown, WI 53094

RE: Mark Allen Tadder and Marvin Lavon Tadder III

Dear Mr. Levi:

I have reviewed the proposed findings of fact and conclusions of law and order terminating parental rights submitted by Mr. Heitzman. In view of the objections filed in your letter dated November 21, 1980, I have concluded that the Court can in good conscious [sic] sign the findings of fact and conclusions of law as they have been submitted without your approval as to form prior to entry by the Court. They will, accordingly, be filed as submitted and, of course, you have exception to them.

Yours very truly,

Edwin C. Dahlberg,
Circuit Court Judge

ECD/plt
CC: David Heitzman"

petitioner's parental rights over counsel's objection. The letter also notified trial counsel that the order would be filed in the clerk of court's office.

The exact date the order was entered is unknown. Neither party was able to submit any evidence before this court or the appellate court to allow either court to ascertain with certainty the date the order was entered. The order bears the handwritten date of November 11, 1980. However, there is no filing date stamped nor is there any date written on the order by the clerk of courts showing when it was entered. The parties agree, and the record reflects, that the order was entered sometime between January 14, 1981[3] and February 9, 1981.[4]

On December 1, 1980, before an order terminating her parental rights had been entered, petitioner commenced her appeal. With the aid of trial counsel, petitioner notified the state public defenders' office of her desire to appeal the termination order. Petitioner was determined indigent and an assistant state public defender was appointed to represent her on appeal. On December 19, 1980, appellate counsel requested, pursuant to sec. 809.30(1)(c), Stats.,[5] a transcript of the termination proceedings. Appellate counsel was served with the requested transcript on December 31, 1981.[6]

---

[3] January 14, 1981, was the date of Judge Dahlberg's letter informing trial counsel that he was filing the order.

[4] On February 9, 1981, appellate counsel received the court record from the clerk of court and the order was included in the court record.

[5] Sec. 809.30(1)(c), Stats., reads in part:

". . . The state public defender shall determine the defendant's indigency and appoint counsel as provided in chapter 977, and at the same time shall request the court reporter to prepare the transcript of notes of the proceedings in the case."

[6] There is a discrepancy as to the date appellate counsel received the transcript. Petitioner cites December 31, 1980, in her brief to

On January 28, 1981, petitioner moved in the court of appeals, District IV, for an extension of time in which to file a notice of appeal. The appellate court conditionally granted petitioner's motion by order dated January 30, 1981. Petitioner's time to file her notice of appeal was extended until February 9, 1981, but the appellate court reserved the question as to whether it had the authority to grant the enlargement in light of sec. 809.82, Stats.[7]

Petitioner filed a notice of appeal on February 9, 1981. In the notice, appellate counsel noted that the date of the entry of the order petitioner was appealing from was unknown.

The court of appeals dismissed petitioner's appeal for lack of jurisdiction. Citing sec. 974.02(1), Stats. 1977, and sec. 809.30(1)(f), Stats. 1977,[8] the appellate court

the appellate court and December 30, 1980, in her brief to this court. Since the exact date counsel received the transcript is not crucial to our disposition of the case, to be consistent with the court of appeals' opinion, we will use December 31, 1980.

[7] Sec. 809.82, Stats. 1979–80, read as follows:

"Rule (Computation and enlargement of time). (1) COMPUTATION. In computing any period of time prescribed by these rules, the provisions of Rule 801.15(1) and (5) Apply.

"(2) ENLARGEMENT OR REDUCTION OF TIME. The court upon its own motion or upon good cause shown by motion, may enlarge or reduce the time prescribed by these rules or court order for doing any act, or waive or permit an act to be done after the expiration of the prescribed time, except the filing of a notice of appeal or cross-appeal of a final judgment or order in a civil appeal."

This rule was subsequently amended. The amendment clearly allows for extension of the time for filing a notice of appeal in ch. 48 proceedings. However, the amendment was not effective until January 1, 1982.

[8] Sec. 974.02(1), Stats. 1977, read in part as follows:

"(1) An appeal to the court of appeals by the defendant in a criminal case or a defendant, juvenile or subject individual under chs. 48, 51, 54 and 55 or a motion for post-conviction relief in a

concluded a notice of appeal in a ch. 48 proceeding must be filed within thirty days of the service of the transcript. Since petitioner did not file her notice of appeal within thirty days of December 31, 1980, the appellate court concluded that it was untimely and not properly before the court.

The court also determined that petitioner's notice of appeal was not timely based on its extension order of January 30, 1981. Sec. 809.82(2), Stats. 1979–80, prohibited the court from enlarging the time period for filing a notice of appeal in a civil case. The appellate court reasoned that ch. 48 proceedings had to be considered civil since they were not criminal. Accordingly, the appellate court held that it was without authority to have granted petitioner an extension.

On review, petitioner raises numerous issues challenging the court of appeals' decision dismissing her appeal. Because we conclude that petitioner's notice of appeal was timely filed based on the date of entry of the termination order, we need not address the arguments presented by petitioner.

Sec. 808.03(1), Stats., provides that for a final order to be appealable it must be entered in accordance with sec. 807.11(2). An order is entered when it is filed in

felony case must be taken in the time and manner provided in ss. 809.30 and 809.40. . . ."

Sec. 809.40(1), Stats. 1977, read in part as follows:

"An appeal to the court of appeals from a judgment or order in a . . . chapter 48, 51 or 55 case, . . . must be initiated within the time periods specified in Rule 809.30 and [is] governed by the procedures specified in Rules 809.30 to 809.32."

Sec. 809.30(1)(f), Stats. 1977, read as follows:

"(1) APPEAL OR POSTCONVICTION MOTION BY DEFENDANT. . . .

"(f) The defendant shall file a notice of appeal or motion seeking postconviction relief within 30 days of the service of the transcript."

the office of the clerk of court.[9] Therefore, to confer appellate jurisdiction, an order must be in writing and filed. *Ramsthal Adv. Agency v. Energy Miser, Inc.,* 90 Wis. 2d 74, 279 N.W.2d 491 (Ct. App. 1979) ; *State ex rel. Hildebrand v. Kegu,* 59 Wis. 2d 215, 207 N.W.2d 658 (1973). Before the order is entered, the appellate court is without jurisdiction to review it because the right of appeal exists only from the time of entry of the order. *State ex rel. Hildebrand v. Kegu, supra* at 216.

In the present case, the order terminating petitioner's parental rights was never stamped "filed" by the clerk of court for Rock county. The record reveals that the order was entered sometime between January 14, 1981 and February 9, 1981. Prior to the entry of the final order, jurisdiction of this case remained in the trial court. It was not until sometime between January 14, 1981 and February 9, 1981, when the final order was entered, that the jurisdiction of the trial court came to an end and the appellate court was able to acquire jurisdiction.

Respondent argues that the appellate court is correct in concluding that a notice of appeal must be filed within thirty days of the service of the transcript notwithstanding the fact that the transcript is served prior to the entry of an appealable order. This would mean that the statute of limitations for filing a notice of appeal would begin to run before an order became appealable. We cannot agree with this conclusion. The statute of limitations for filing a notice of appeal cannot begin to run until the final order of the trial court has been entered.

Normally, an order is entered before counsel is served with a transcript. Sec. 809.30(1)(f), Stats., gives a

---

[9] Sec. 807.11, Stats 1977, read as follows:

"**Orders: rendition and entry.** (1) An order is rendered when it is signed by the judge.

"(2) An order is entered when it is filed in the office of the clerk of court."

petitioner thirty days from the date of service of transcript to file a notice of appeal. However, underlying the applicability of the statute of limitations period is the prerequisite that an order from which an appeal can be taken be entered.

Here, the transcript was served prior to the entry of the appealable order. Petitioner's right of appeal did not exist until the order was entered. To find that petitioner was required to file her notice within thirty days of the service of transcript would shorten her statute of limitations period. Not only would this be an unjust result, but it is totally inconsistent with the rules of appellate procedure. Petitioner cannot be denied the rights afforded other appellants simply because the transcript was served before the order was entered. Therefore, in these situations, we hold that the thirty-day statute of limitation period, under sec. 809.30 (1) (f), Stats., cannot begin to run until the entry of the appealable order.

Under the facts of this case, the thirty-day statute of limitations began to run, at the very earliest, on January 14, 1981. Petitioner filed her notice of appeal on February 9, 1981, which was clearly within the thirty-day statute of limitation period. Therefore, petitioner's appeal was timely. Accordingly, we reverse the decision of the court of appeals dismissing petitioner's appeal and remand it to the court of appeals for consideration of petitioner's appeal on the merits.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded to the court of appeals for consideration of petitioner's appeal on the merits.