ON MOTION TO DISMISS
SCHWARTZ, Chief Judge.
The issue before us on the appel-lees’ motion to dismiss is whether the rendition of a final judgment is postponed for appellate purposes by an oral motion for new trial made after the return of the verdict. We cannot agree with the dissent or the federal cases it cites that this is the. case. Florida Rule of Appellate Procedure 9.020(g)[1] specifically provides that a motion for new trial and other post-trial motions defer rendition until disposition “[w]here [such a motion] has been filed in the lower tribunal_” [e.s.] The word “filed” quite obviously connotes and requires the existence of an identified document as opposed to a mere statement of counsel. Florida Rule of Civil Procedure 1.080 provides:
(d) Filing. All original papers shall be filed with the court either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit papers to be filed with him in which event he shall note the filing date before him on the papers and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.
It is simply hard to imagine one’s verbally “filing” anything. See State v. Powell, 70 Wis.2d 220, 234 N.W.2d 345 (1975). Thus, even though it is possible that an oral post-trial motion may be effectively made and ruled upon “during a hearing or trial” under Florida Rule of Civil Procedure 1.100(b),[2] it cannot extend the appellate time under Florida Rule of Appellate Procedure 9.020(g) — which is the issue before us — unless a piece of paper is lodged with the clerk. See Bituminous Casualty Corp. v. Clements, 148 Fla. 175, 178-79, 3 So.2d 865, 866 (1941).
Looking at the issue from a broader perspective, moreover, we are surely not inclined to rest the determination of a jurisdictional issue, such as the time for taking an appeal, upon a statement which, like an oral post-trial motion, is not of record. Cf. Cox v. Tyrone Power Enters., 49 Cal.App.2d 383, 121 P.2d 829 (1942). For these reasons, the motion is granted.
Appeal dismissed.

. Rendition (of an Order), the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, certification, to alter or amend, for judgment in accordance with prior motion for directed ver-diet, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.

. We need not directly decide this question at this time.