STARK, P.J.
¶1 In this mortgage foreclosure action, the circuit court granted Laona State Bank (the Bank) a foreclosure judgment against Judson Moeller, Carol Moeller, and Moeller-Valley, Inc. (collectively, the Moellers). The Bank was the winning bidder at a subsequent sheriff's sale, and the court entered an order confirming the sale on August 21, 2014.
¶2 Nearly two years later, in June 2016, the Bank wrote to the circuit court asking it to amend the order confirming sale, along with an earlier order dated December 19, 2013, to include additional findings that the Bank alleged the court had made during a December 5, 2013 hearing. After initially refusing to amend the orders, the circuit court ultimately granted the Bank's request and entered amended orders on June 29, 2016. The court later denied the Moellers' motion for reconsideration of its decision to amend the orders.
¶3 The Moellers now appeal, arguing, among other things, that the circuit court lacked authority to amend its prior orders to include additional findings, absent a motion for relief from those orders under WIS. STAT. § 806.07 (2015-16).[1] In response, the Bank argues the court had inherent authority to amend its prior orders in order to make them consistent with its oral rulings from the December 5, 2013 hearing.
¶4 We reject the Bank's argument and conclude the circuit court lacked inherent authority to amend its December 19, 2013 and August 21, 2014 orders. The Bank was required to move for relief from those orders under WIS. STAT. § 806.07 if it believed the court mistakenly failed to include relevant findings. Because the Bank failed to do so, we reverse and remand with directions that the court vacate the amended orders.
BACKGROUND
¶5 The Moellers owned property near Roberts Lake in Forest County. Their property consisted of multiple lots. In 1998 and 2002, the Moellers granted mortgages on their Roberts Lake property to the Bank. As relevant to this appeal, the mortgaged property included parcels designated as Lots 3A, 4, and 5. The only access to these lots is along an easement road, which traverses other property owned by the Moellers. In describing Lots 3A, 4, and 5, the mortgages reference various recorded certified survey maps, each of which shows the easement road.
¶6 In March 2010, the Moellers recorded a "Declaration of Easement." According to the Moellers, that document granted Lots 3A, 4, and 5 the right to use the easement road. The Moellers further assert the Declaration of Easement provided "that lands being served by the easement road would owe a balance, calculated at $24,975 per lot, for the use of the easement." (Footnote omitted.)
¶7 In February 2011, the Bank filed the instant foreclosure action against the Moellers. The circuit court granted the Bank a judgment of foreclosure with respect to Lots 3A, 4, and 5 (among others) in September 2012. The Bank was the winning bidder at a sheriff's sale that took place on July 17, 2013. The Bank moved the court to confirm the sale, but the Moellers objected, asserting the "sale price of the subject properties was substantially below the appraised value." The Moellers also filed a motion for relief from the foreclosure judgment, asserting the legal description for the subject lots set forth in that judgment differed from the legal descriptions in the mortgages and in the Bank's complaint. The Moellers contended the "effect of the change in legal description [was] to expand the scope of the judgment beyond what the mortgage granted."
¶8 The circuit court considered these issues during a hearing on December 5, 2013. Thereafter, on December 19, 2013, the court entered an order denying confirmation of the July 17, 2013 sheriff's sale and amending the foreclosure judgment to contain an accurate legal description. A second sheriff's sale then took place on February 12, 2014, at which the Bank was again the winning bidder. The court entered an order confirming the sale on August 21, 2014.
¶9 The Bank asserts that, after the circuit court entered its August 21, 2014 order confirming the second sheriff's sale, the Moellers "continued to attempt to encumber the foreclosed properties with illegitimate encumbrances including claims for monetary payment and claims for timber rights." As relevant to this appeal, the Moellers apparently contended that when the Bank purchased the mortgaged properties at the second sheriff's sale, it did not obtain any right to use the easement road. The Moellers instead asserted that, pursuant to the Declaration of Easement they had recorded in 2010, the Bank was required to pay them $24,975 per lot, plus interest, for use of the easement.
¶10 The Bank contends that, as a result of the Moellers' actions, it was required to commence two civil actions against the Moellers in order "to clear title." One of those lawsuits-Forest County case No. 2014CV60-remains pending. In that lawsuit, the Bank is asking the circuit court to declare that the 2010 Declaration of Easement is void because "the easement was already conveyed to the Bank with the property in the mortgage and as such the Moellers cannot now add a new condition to the use of that easement."
¶11 Returning to the instant case, on June 14, 2016, nearly two years after the circuit court entered its August 21, 2014 order confirming the sheriff's sale, the Bank wrote a letter to the court asking it to amend that order, as well as the court's December 19, 2013 order amending the foreclosure judgment. The Bank asserted the amendments were necessary because the orders in question "did not make reference to critical findings made by the court ... that the defendants['] mortgage included the easements for ingress and egress set forth in the certified survey maps." The Moellers objected to the proposed amendments on multiple grounds. On June 23, 2016, the court sent the parties a letter denying the Bank's request, explaining the court was "unclear as to the need for an amended order at this time."
¶12 Undeterred, the Bank again wrote a letter to the circuit court on June 27, 2016, repeating its request that the court amend the December 19, 2013 and August 21, 2014 orders. The Bank asserted:
In the December 5, 2013 hearing you made critical findings that the defendants' mortgage included the easements for ingress and egress set forth in the Certified Survey Maps.
This is critical, since those orders become the law of the case. In Forest County Case No. 14 CV 60 the defendants are taking a contrary position to your orders regarding the mortgage including the easements.... Since orders were made, this issue cannot be re-litigated.
Two days later, on June 29, 2016, the court granted the Bank's request and entered amended versions of the December 19, 2013 and August 21, 2014 orders.
¶13 The Moellers subsequently moved for reconsideration, asking the circuit court to withdraw the amended orders. As relevant here, the Moellers argued there was "no basis" to revise the court's prior orders two years after they were entered because the Bank had not filed a motion for relief from the orders under WIS. STAT. § 806.07. The Moellers also argued that, even if the Bank's request for amendment was construed as a § 806.07 motion, it did not meet the criteria for relief. Finally, the Moellers argued that, contrary to the Bank's assertion, the court never made any finding during the December 5, 2013 hearing that the mortgages included the right to use the easement road.
¶14 Following briefing by the parties, the circuit court denied the Moellers' motion for reconsideration. In an oral ruling, the court explained that it was not relying on WIS. STAT. § 806.07, but instead on the court's "inherent authority" to ensure the correctness of its own orders. The court reasoned:
Often times errors-correcting an error in the order signed, the order failed to include the actual order of the Court.
The Court always has inherent authority to make sure that the orders are correct. I think that absent-I guess that I don't have the Statute here at my fingertips to see if there is some other basis for it. There may very well be. But I believe that I always have the ability to assure that my orders are properly reflected by the written document.
The court subsequently entered a written order denying the Moellers' reconsideration motion, and the Moellers now appeal.
DISCUSSION
¶15 As relevant to our analysis on appeal, the Moellers contend the circuit court lacked inherent authority to amend its prior orders two years after the fact. "The question of judicial authority is an issue of law which we may decide without deference to the circuit court." Breier v. E.C. , 130 Wis. 2d 376, 381, 387 N.W.2d 72 (1986). Under the circumstances presented by this case, we agree with the Moellers that the circuit court lacked inherent authority to amend its prior orders.[2]
¶16 The Moellers correctly note that Wisconsin's civil procedure statutes contain a mechanism for obtaining relief from an order or judgment that has already been entered by a court. Namely, WIS. STAT. § 806.07(1) permits a circuit court, upon a party's motion, to relieve that party from a judgment, order, or stipulation for any of the following reasons:
(a) Mistake, inadvertence, surprise, or excusable neglect;
(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);
(c) Fraud, misrepresentation, or other misconduct of an adverse party;
(d) The judgment is void;
(e) The judgment has been satisfied, released or discharged;
(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;
(g) It is no longer equitable that the judgment should have prospective application; or
(h) Any other reasons justifying relief from the operation of the judgment.
Sec. 806.07(1)(a)-(h).
¶17 Our supreme court has explained that the purpose of WIS. STAT. § 806.07 is to achieve a balance between two interests: "fairness in the resolution of disputes and the policy favoring the finality of judgments." Edland v. Wisconsin Physicians Serv. Ins. Corp. , 210 Wis. 2d 638, 644, 563 N.W.2d 519 (1997). In furtherance of the second interest, the statute requires that a motion made under § 806.07(1)(a) or (c) be brought within one year of the judgment or order at issue. Sec. 806.07(2). All other motions brought under the statute must be made "within a reasonable time." Id.
¶18 In this case, it is undisputed that the Bank did not file any motion under WIS. STAT. § 806.07 to obtain relief from the circuit court's December 19, 2013 and August 21, 2014 orders. Instead, approximately two years after the court entered the latter order, the Bank simply wrote the court a letter asking it to amend its prior orders to include findings the court purportedly made during the December 5, 2013 hearing. In granting the Bank's request, the court expressly disclaimed any reliance on § 806.07, instead asserting it had "inherent authority" to ensure the correctness of its own orders. On appeal, the Bank similarly asserts that it was not required to file a motion under § 806.07 because the court had inherent authority to make the requested amendments.
¶19 It is well established that circuit courts have "inherent, implied and incidental powers." State v. Henley , 2010 WI 97, ¶ 73, 328 Wis. 2d 544, 787 N.W.2d 350 (citation omitted). A power is inherent when it is necessary to enable a court to accomplish its constitutionally and legislatively mandated functions-in other words, when the court cannot function without the power. Id.
Wisconsin courts have generally exercised inherent authority in three areas: (1) to guard against actions that would impair the powers or efficacy of the courts or judicial system; (2) to regulate the bench and bar; and (3) to ensure the efficient and effective functioning of the court, and to fairly administer justice.
Id.
¶20 The Bank argues the circuit court had inherent authority to amend its prior orders because correcting an order to ensure that it conforms to the court's oral ruling is necessary to the court's effective functioning. This argument, however, ignores the fact that the civil procedure statutes contain a mechanism by which a party may seek relief from an order or judgment that does not accurately reflect a circuit court's oral decision-namely, WIS. STAT. § 806.07.[3] We agree with the Moellers that, when the statutes set forth a specific procedure for obtaining relief, a party may not eschew that procedure and instead obtain the relief sought simply by invoking the circuit court's inherent authority.
¶21 Our supreme court's decision in Henley supports this conclusion. In that case, Henley was convicted of five counts of second-degree sexual assault. Henley , 328 Wis. 2d 544, ¶ 1. He moved for postconviction relief, arguing his trial attorney was ineffective and also requesting a new trial in the interest of justice. Id. , ¶¶ 15, 17, 19. The circuit court denied Henley's motion, and we affirmed on appeal. Id. , ¶¶ 19-20. Our supreme court subsequently denied Henley's petition for review. Id. , ¶ 20.
¶22 Henley then filed a pro se petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin, asserting the same claims he had raised in his postconviction motion. Id. , ¶ 21. The district court dismissed Henley's petition, and he chose not to appeal that decision. Id. Thereafter, however, the Seventh Circuit Court of Appeals ruled in favor of one of Henley's co-defendants, concluding the co-defendant's trial attorney was ineffective by failing to call a particular witness whom Henley had also alleged his trial attorney was ineffective for failing to call. Id. , ¶¶ 17, 23-24. Henley then filed a motion for a new trial in the interest of justice under WIS. STAT. § 805.15(1), raising the same arguments that had previously been rejected in his earlier postconviction motion and appeal, as well as in his petition for habeas relief. Henley , 328 Wis. 2d 544, ¶ 26. The circuit court granted Henley's motion, concluding the real controversy had not been fully tried. Id.
¶23 On appeal, the parties disputed whether the circuit court had authority to grant Henley a new trial in the interest of justice under the circumstances presented. Henley asserted the court had such authority based on either WIS. STAT. § 805.15(1), WIS. STAT. § 806.07, or the court's inherent authority. Henley , 328 Wis. 2d 544, ¶ 31. In essence, Henley contended a circuit court
has inherent and statutory authority to grant a new trial in the interest of justice to a convicted criminal defendant regardless of the case's procedural posture, regardless of how many times the same issues have been litigated, and regardless of how many years may have passed since the defendant's conviction.
Id.
¶24 Our supreme court rejected Henley's argument. The court first concluded that neither WIS. STAT. § 805.15(1) nor WIS. STAT. § 806.07 provided grounds for the circuit court to grant Henley a new trial in the interest of justice. Henley , 328 Wis. 2d 544, ¶¶ 39, 69-71. The court explained that WIS. STAT. §§ 974.02 and 974.06 provide the primary statutory means of postconviction and appellate relief for criminal defendants, and permitting defendants to instead challenge their convictions under §§ 805.15(1) or 806.07 would render §§ 974.02 and 974.06 irrelevant. Henley , 328 Wis. 2d 544, ¶¶ 39, 70. The court reasoned that no criminal defendant would limit himself or herself to seeking relief under §§ 974.02 and 974.06 if he or she could avoid the procedural strictures of those statutes by instead filing a motion under §§ 805.15(1) or 806.07. Henley , 328 Wis. 2d 544, ¶¶ 55, 70.
¶25 The court further concluded the circuit court did not have inherent authority to grant Henley a new trial in the interest of justice. As relevant here, the court reasoned:
[I]f a circuit court has the inherent power to order a new trial in the interest of justice at any time for any reason, including when the litigant has already raised the same claims (as is the case here), we must again ask-what would be the point of [ WIS. STAT. ] § 974.06 ? No criminal defendant challenging his conviction following the postconviction motion and appeals process would limit themselves to the restrictive grounds and high bar in § 974.06. Recognizing or granting a circuit court's inherent authority here would open the courts to claim after claim and render the restrictions in § 974.06 illusory.
Id. , ¶ 76.
¶26 As the above excerpt demonstrates, the supreme court was concerned in Henley that recognizing a circuit court's inherent authority to grant a criminal defendant a new trial in the interest of justice would vitiate WIS. STAT. § 974.06 -the express statutory procedure for challenging a criminal conviction after direct appeal-because no criminal defendant would subject himself or herself to that statute's procedural strictures if he or she could instead file a motion invoking the court's inherent authority, untethered to any procedural requirements. The same concern is present here. WISCONSIN STAT. § 806.07 provides an express statutory mechanism for a party in a civil case to seek relief from a judgment or order that has already been entered. However, the statute contains two procedural limitations: (1) the party seeking relief must file a motion, see § 806.07(1) ; and (2) the motion must be filed within a reasonable time, or within one year of the judgment or order if filed under para. (1)(a) or (c), see § 806.07(2). Given these procedural limitations, no litigant who believed that a circuit court's order failed to include a relevant ruling would bother to seek relief from the order under § 806.07, if he or she could instead simply write the court a letter asking it to amend the order-as the Bank did here-and trust that the court would use its inherent authority to make the amendment, regardless of how much time had passed since the order was entered and without input from the opposing party.
¶27 In support of its claim that the circuit court had inherent authority to amend its prior orders to conform to its oral rulings, the Bank relies on State Ex Rel. Hildebrand V. Kegu , 59 Wis. 2d 215, 207 N.W.2d 658 (1973). In that case, our supreme court stated an order "may be effective, even though it has not been reduced to writing. The judicial act is complete when the order is announced from the bench. Reducing it to writing is only a ministerial act to preserve the evidence of the order." Id. at 216 (citations omitted). Citing State v. Johnston , 133 Wis. 2d 261, 267, 394 N.W.2d 915 (Ct. App. 1986), the Bank asserts a circuit court has inherent power to carry out its ministerial acts. Accordingly, the Bank argues that, when the circuit court in this case amended its prior orders to include additional rulings purportedly made during the December 5, 2013 hearing, it did so "pursuant to its inherent authority to reduce its verbal orders to writing."
¶28 The problem with this argument, however, is that when the circuit court granted the Bank's request to amend its prior orders, it was not engaging in the ministerial act of reducing an oral decision to writing. The court had already completed that task when it entered the written orders in question on December 19, 2013, and August 21, 2014. What the court actually did in response to the Bank's request was alter written orders that it had already entered, approximately two years after the fact. The Bank does not cite any legal authority supporting the proposition that, after a circuit court has completed the ministerial act of reducing an oral decision to writing, the court's inherent authority permits it to amend its written order after the case has been finally adjudicated based on a request by one of the parties.[4]
¶29 Because we conclude the circuit court lacked inherent authority to amend the December 19, 2013 and August 21, 2014 orders, we reverse and remand with directions that the court vacate the amended orders entered on June 29, 2016. In closing, we pause to comment on two additional topics.
¶30 First, we observe that in their motion for reconsideration, the Moellers argued that even if the Bank's request to amend the circuit court's prior orders was construed as motion for relief from the orders under WIS. STAT. § 806.07, the Bank had failed to meet the criteria for relief. The circuit court did not address this argument. Instead, it expressly disclaimed any reliance on § 806.07 and asserted it had inherent authority to amend its prior orders. On appeal, the Bank does not develop any argument that, in the event the court lacked inherent authority to amend the orders, its decision to do so can nevertheless be upheld as a proper exercise of discretion under § 806.07. In light of the Bank's failure to develop an argument on this point-and the circuit court's failure to make any findings relevant to the grounds for relief set forth in § 806.07-we decline to address this issue.
¶31 Second, as noted above, the Moellers raise several additional arguments on appeal. In particular, the Moellers assert that the circuit court never made any oral ruling as to whether the mortgages included the right to use the easement road. They also argue that the amended orders effectively create a right that is unsupported by easement law. Our opinion in this case should not be read as addressing either of these issues. We merely hold that the circuit court erred by determining it had inherent authority to modify the December 19, 2013 and August 21, 2014 orders.
By the Court. -Order reversed and cause remanded with directions.
Not recommended for publication in the official reports.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

In addition to arguing that the circuit court lacked inherent authority to amend its prior orders, the Moellers also contend reversal is required because: (1) the court did not actually make any determination during the December 5, 2013 hearing as to whether the mortgages included the right to use the easement road; (2) an order confirming a sheriff's sale is "the wrong time to be determining the parties['] rights in foreclosure"; and (3) the amended orders effectively "create a right that [is] unsupported by easement law." Because we reverse based on our conclusion that the court lacked inherent authority to amend the orders, we do not address these additional issues.

Wisconsin Stat. § 806.07(1) contains two grounds for relief that appear to be applicable in a case, like this one, in which a party asserts the circuit court's written order does not include one of the court's oral rulings: (1) mistake, see § 806.07(1)(a) ; and (2) "[a]ny other reasons justifying relief from the operation of the judgment," see § 806.07(1)(h).

In addition, the Bank does not cite any legal authority indicating that a circuit court may use its inherent authority to grant a party's request to amend an order without giving the opposing party an opportunity to respond. That is precisely what the circuit court did in this case, and its action in doing so raises obvious due process concerns. See Brown Cty. v. Shannon R. , 2005 WI 160, ¶ 64, 286 Wis. 2d 278, 706 N.W.2d 269 (stating a fundamental guarantee of due process is the opportunity to be heard). Nevertheless, the Moellers were ultimately permitted to present their arguments to the circuit court in the context of their motion for reconsideration.