COURT OF APPEALS
DECISION
DATED AND FILED

October 6, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP646-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2016CF104**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JUSTIN P. POSEY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and orders of the circuit court for Outagamie County: VINCENT R. BISKUPIC, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Justin Posey appeals a judgment of conviction for two counts of armed robbery and orders denying his two postconviction motions,

the first of which sought a new trial on one of the armed robbery counts and the second of which sought postconviction discovery. We conclude Posey is not entitled to relief on any of his claims. Accordingly, we affirm.

## BACKGROUND

¶2 On January 13, 2016, an individual brandishing a black handgun robbed a Walgreens in Appleton at approximately 6:00 a.m. On January 25, 2016, at approximately 2:25 a.m., an individual brandishing a black handgun robbed the La Quinta Inn & Suites in Grand Chute. Officers from the Appleton and Grand Chute Police Departments conducted a joint investigation and discovered that nearby surveillance videos showed a late model green Ford Taurus in the area near the Walgreens around the time of the robbery. A green Ford Taurus was also captured on surveillance video in the area of the La Quinta Inn around the time of the robbery.

¶3 Meanwhile, area Kwik Trip stores had been on alert for a green Ford Taurus that had been driving away without paying for gas. That vehicle used a variety of license plates, including one registered to Posey. Based on this information, police interviewed Posey, who admitted to committing the armed robberies and the Kwik Trip thefts. Police located corroborating evidence in Posey's possession that linked him to the armed robberies. Following a jury trial, Posey was found guilty on both armed robbery counts. He was given consecutive sentences totaling twelve years' initial confinement and sixteen years' extended supervision.

¶4 Posey obtained postconviction counsel and filed a postconviction motion in March 2018, asserting he was entitled to a new trial on the La Quinta robbery count based on newly discovered evidence and ineffective assistance of

2

his trial counsel. He argued his private investigator had located a potential new alibi witness, Amy Birling, who would testify that Posey was with her at her residence at the time of the La Quinta robbery. At the subsequent *Machner*[1] hearing, Posey's trial counsel testified that Posey had never stated he was with Birling on the night of the La Quinta robbery. Rather, Posey had advised counsel that he was at home with his wife on the night in question, and counsel had filed a corresponding pretrial notice of alibi.

¶5 The *Machner* hearing also addressed Posey's claim, raised in an amended postconviction motion, that his trial counsel performed deficiently by failing to object at trial on "other acts" grounds to evidence of the Kwik Trip thefts. Counsel testified that he did not consider objecting to that evidence because Posey had admitted to the gas drive-offs during the same interview that he admitted to the armed robberies, and he believed the jury would have heard evidence that Posey committed the Kwik Trip thefts anyway.

¶6 The circuit court denied Posey's postconviction motion. It concluded Birling's testimony regarding Posey's alibi did not constitute newly discovered evidence, both because Birling had subsequently recanted that testimony and because Posey must have known about his potential alibi defense vis-à-vis Birling prior to trial. The court also specifically found Posey's trial counsel credible, accepting counsel's testimony that Posey had not told him about Birling and rejecting Posey's contrary testimony. Finally, the court rejected Posey's ineffective assistance claim regarding the Kwik Trip drive-offs, noting that it had granted the State's motion to introduce the drive-offs as panorama

---

[1] *See* **State v. Machner**, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

3

evidence, and, in so doing, had considered both the probative value and prejudicial impact of the evidence. The court also noted it had provided the jury with cautionary instructions regarding its use of the evidence, both at the time the evidence was presented and again during the final instructions.

¶7 While the postconviction motion was pending, Posey filed a motion seeking the return of seized property—namely, three computers and three phones seized from his residence during the execution of a search warrant on February 8, 2016. The circuit court did not address this motion in its written decision denying Posey's postconviction motion, and no order denying the motion was ever entered.

¶8 Thereafter, Posey filed a motion to compel, seeking to require the State to provide an analysis report generated concerning the contents of one of Posey's seized cell phones. The report had been provided to Posey's trial counsel on a thumb drive, but it had apparently been misplaced prior to the client file being transferred to postconviction counsel. The circuit court, noting that Posey's trial counsel had viewed the contents of the cell phone, denied Posey's motion to compel based on his failure to demonstrate the report's materiality.

¶9 Posey appeals from the judgment of conviction, the order denying his postconviction motion, and the order denying his motion to compel. In doing so, he raises the same arguments as he did before the circuit court.

## DISCUSSION

*I. Newly Discovered Evidence*

¶10 A defendant seeking a new trial on the basis of newly discovered evidence must establish, by clear and convincing evidence, that: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking to

discover it; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative. *State v. Vollbrecht*, 2012 WI App 90, ¶18, 344 Wis. 2d 69, 820 N.W.2d 443. We review a decision on whether to grant a new trial based on newly discovered evidence for an erroneous exercise of discretion.[2] *Id.*

¶11    Posey's alleged newly discovered evidence consists of Birling's testimony that she was with him on the night of the La Quinta robbery. Such alibi evidence, however, "must have been within the knowledge of the defendant at the time of the original trial, [and] … is not properly within the definition and scope of 'newly discovered' evidence." *McGeever v. State*, 239 Wis. 87, 97, 300 N.W. 485 (1941) (citation omitted). To constitute newly discovered evidence, the evidence must have come to the attention of the parties after the verdict. *See State v. Williams*, 2001 WI App 155, ¶12, 246 Wis. 2d 722, 631 N.W.2d 623. Newly discovered evidence does not include a "new appreciation of the importance of evidence previously known but not used." *State v. Fosnow*, 2001 WI App 2, ¶9, 240 Wis. 2d 699, 624 N.W.2d 883 (2000) (citation omitted). Posey's asserted evidence is only of this latter type.

---

[2] If the defendant establishes all four elements of a newly discovered evidence claim, the reviewing court must determine whether it is reasonably probable that, had the jury heard the newly discovered evidence, it would have had reasonable doubts about the defendant's guilt. *State v. Vollbrecht*, 2012 WI App 90, ¶18, 344 Wis. 2d 69, 820 N.W.2d 443. We need not address the potential effect of the new evidence on a jury because we agree with the circuit court that Posey has failed to demonstrate the existence of newly discovered evidence.

## II. *Ineffective Assistance of Counsel*

### A. Alibi Evidence

¶12 Having failed to establish the existence of newly discovered evidence, Posey argues in the alternative that he is entitled to a new trial because his attorney was constitutionally ineffective for failing to discover and present Birling's potential alibi testimony. To establish ineffective assistance of counsel, Posey must make a threshold showing that, when considering all the circumstances, his counsel performed deficiently by providing representation that fell below an objective standard of reasonableness. *See State v. Jenkins*, 2014 WI 59, ¶36, 355 Wis. 2d 180, 848 N.W.2d 786. Our review is highly deferential to the reasonableness of counsel's performance, and we make every effort to reconstruct the circumstances and evaluate counsel's conduct from his or her perspective at the time of the relevant decision. *Id.*

¶13 On appeal, Posey merely assumes that he, in fact, provided alibi information to his trial counsel that counsel then failed to investigate. To the contrary, the circuit court specifically found Posey was not credible when he claimed he had told his trial counsel about Birling. The court instead believed trial counsel's testimony that Posey had claimed he was at home on the night of the La Quinta robbery and had never mentioned being with Birling. This court will not second-guess the circuit court's credibility determination in this regard. *See State v. Carter*, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695 (noting that the circuit court's "articulated assessments of credibility and demeanor" will be credited unless they are clearly erroneous). There is no basis to conclude Posey's trial counsel was deficient for failing to investigate or pursue a potential alibi witness of whom he was not aware.

B. Gas Drive-Off Evidence

¶14    Posey also argues his trial attorney performed deficiently by failing to "object to or seek limitations upon the admissibility of the Kwik Trip gas drive-off evidence." Posey contends the evidence was inadmissible character evidence under WIS. STAT. § 904.04 (2017-18)[3] because it was not essential to the State's case. Posey acknowledges that the Kwik Trip thefts were admitted at trial for a limited purpose and that the jury was given cautionary instructions about the use of that evidence. Posey counters that the circuit court "failed to account for the cumulative effect of the multiple gasoline drive offs upon the jury's perception of Posey which undermined the presumption of innocence."

¶15    We perceive Posey's argument to be directed primarily to the prejudice prong of the ineffective assistance of counsel inquiry. If a defendant demonstrates that counsel's performance was deficient, he or she must then prove that the deficiency prejudiced the defense. *Carter*, 324 Wis. 2d 640, ¶21. To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, ¶37.

¶16    Posey has failed to demonstrate prejudice. He offers no rebuttal to the circuit court's contention that the evidence was admissible as panorama evidence regarding how the police came to believe Posey was involved in the

---

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

armed robberies.[4]  *See **State v. Dukes***, 2007 WI App 175, ¶28, 303 Wis. 2d 208, 736 N.W.2d 515.  Nonetheless, even assuming the Kwik Trip evidence was inadmissible, there is not a reasonable probability of a different outcome because the jury was twice told that it was not permitted to draw the inference from that evidence of Posey being a bad person.

¶17    The circuit court provided two cautionary instructions regarding the evidence of the Kwik Trip thefts, one when the surveillance photographs were admitted into evidence and another when providing the jury instructions.  The court specifically instructed the jury to consider the Kwik Trip evidence only in relation to Posey's motive, preparation and identity, and as part of the background of the case.  Contrary to Posey's claim, there is no basis to conclude the jury convicted Posey because he was, as he puts it, a "habitual criminal."  We presume the jury follows the instructions given to it.  ***State v. Truax***, 151 Wis. 2d 354, 362, 444 N.W.2d 432 (Ct. App. 1989).  In any event, there was compelling evidence of Posey's guilt, not the least of which was his confession to committing the armed robberies.  Under these circumstances, Posey has failed to show that there is a reasonable probability the result of his trial would have been different without the Kwik Trip evidence.  *See **Carter***, 324 Wis. 2d 640, ¶37.

---

[4] Posey suggests it was not necessary to admit evidence of the thefts because the photographs in which Posey's vehicle was visible could have been referred to as "surveillance photographs taken routinely at Kwik Trip."  The witnesses who provided foundation for the photographs, however, testified the photographs were generated from the surveillance system to accompany the police report and stored in a file with the suspect's license plate information.  Posey's bald assertion that the photographs could have been admitted into evidence without explaining how or why they were generated is undeveloped.  Additionally, Posey fails to address whether the State would be required to accept such a proposed stipulation.  *See **State v. Veach***, 2002 WI 110, ¶¶100-08, 255 Wis. 2d 390, 648 N.W.2d 447.

### III. Motion to Return Seized Documents

¶18    On October 18, 2018, Posey filed a motion seeking the return of several computers and phones seized from his residence pursuant to a search warrant executed in February 2016. The circuit court did not address this motion, and it was considered denied following the expiration of sixty days, although no written order was entered. *See* WIS. STAT. RULE 809.30(2)(i).

¶19    Posey asks that we review his motion despite the lack of a written order. We are unable to do so. We have no appellate jurisdiction to review an order that has not been reduced to writing and filed in the clerk's office. *See **State v. Malone***, 136 Wis. 2d 250, 258, 401 N.W.2d 563 (1987). The merits of an appeal cannot be considered by a court lacking appellate jurisdiction. ***State v. Powell***, 70 Wis. 2d 220, 222, 234 N.W.2d 345 (1975). There exists no order for this court to review.[5]

### IV. Motion to Compel

¶20    Posey also seeks review of the order denying his motion to compel, maintaining that he is entitled to receive from the State another copy of a report that was previously provided to Posey's trial counsel. He contends that the circuit court performed an incomplete analysis of the motion under the court of appeals' decision in ***State v. O'Brien***, 214 Wis. 2d 328, 572 N.W.2d 870 (Ct. App. 1997), *aff'd*, 223 Wis. 2d 303, 588 N.W.2d 8 (1999). On its review of ***O'Brien***, however, our supreme court explicitly declined to adopt the guidelines set forth in the court of appeals' opinion. *See **O'Brien***, 223 Wis. 2d at 321.

---

[5] We also note that the record does not reflect any effort on Posey's part, following the October 30, 2018 hearing, to request or otherwise seek the entry of a written order on this motion.

¶21 Rather, a defendant has a right to postconviction discovery when the sought-after evidence is relevant to an issue of consequence. *Id.* "Evidence is consequential only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 320-21 (citation omitted). A reasonable probability is a probability sufficient to undermine our confidence in the outcome. *Id.* at 321. It is the defendant's burden to establish the foregoing. *O'Brien*, 214 Wis. 2d at 341.

¶22 Here, as the State points out, Posey has never explained why he believes the report may have significance, much less why there exists a reasonable probability that it would have changed the outcome of the trial. Posey's postconviction motion merely alleged that the analysis report "might [provide] additional grounds for a supplemental motion." Moreover, it is undisputed that Posey's trial counsel went to the Appleton Police Department and reviewed the contents of Posey's cell phone and found nothing of significance to Posey's defense. Accordingly, Posey's motion fails on its face, and the circuit court properly exercised its discretion by not granting a hearing on the motion. *See State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.[6]

*By the Court.*—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] To the extent Posey is attempting to assert a constitutional claim that he was denied due process, any such claim is insufficiently developed, and we therefore need not address it. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).